IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00952-PAB-NRN

DOUGLAS LEHMAN,

Plaintiff,

v.

BRIAN MCKINNON,
CORRECTIONAL OFFICER JAQUES, and
CORRECTIONAL OFFICER MCCARROLL,

Defendants.

## RECOMMENDATION ON MOTION TO DISMISS

Entered by Magistrate Judge N. Reid Neureiter

Presently before the Court is Defendants Sgt. Brian McKinnon's and Sgt. Ryan Jaques' Motion to Dismiss the Amended Complaint (Doc. # 40) (Docket No. 42), in which Defendants McKinnon and Jaques ask the Court to dismiss Plaintiff Douglas Lehman's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Having carefully considered the briefing, record, discussion at the September 18, 2018 Status Conference (*see* Docket No. 46), and applicable law, the Court recommends that the motion be denied for the reasons discussed below.

## Background

This case is brought by Mr. Lehman, who is proceeding pro se[1], relating to his treatment by staff at the Limon Correctional Facility following his assault of Sgt.

---

[1] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d

1

McKinnon on February 7, 2017. (*See generally* Docket No. 40). Mr. Lehman alleges that excessive force was used against him when he was lying on his stomach, "motionless and silent and in both hand and leg shackles." (Docket No. 40 at 5). He further alleges that while he was in that position Sgt. McKinnon leaned over and sprayed pepper spray in his face. *Id.* at 6. Mr. Lehman also alleges that Sgt. Jaques failed to protect him and failed to report Sgt. McKinnon's actions. *Id.* at 12-13. In response, Sgt. McKinnon and Sgt. Jaques filed the instant motion to dismiss. Defendants' only argument in support of dismissal is that Mr. Lehman's damages claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docket No. 42 at 3-5). On September 18, 2018, the Court held a Status Conference in this case and also heard argument on the motion to dismiss. (Docket No. 46 at 1).

**Standard**

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a

---

at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting Twombly, 550 U.S. at 570)). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

**Analysis**

Defendants argue that "Mr. Lehman's Eighth Amendment claim is a veiled attempt to collaterally attack his conviction for first degree assault on a corrections officer—Sgt. McKinnon—which is a class 3 felony." (Docket No. 42 at 3). Defendants rely on *Heck v. Humphrey*, 512 U.S. 477 (1994) for the argument that Mr. Lehman is challenging his state court criminal conviction. However, Defendants' argument is premised on the idea that Mr. Lehman's allegations against them are part of one incident that happened on February 7, 2017. While it is true that a person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has been previously invalidated, *Heck* at 487, Mr. Lehman alleges that excessive force was employed against him *after* his assault on Sgt. McKinnon ended. Mr. Lehman does not dispute the validity of his assault conviction. Instead, he avers that he himself was assaulted in retaliation after he walked away and

3

laid on his stomach on the ground. (Docket No. 40 at 4-5). There is a fact issue about whether that incident is a separate incident or part of the assault on Sgt. McKinnon. Plaintiff alleges that after the assault on Sgt. McKinnon ended, Plaintiff laid on the ground and was shackled, and then Sgt. McKinnon sprayed pepper spray in his face. The allegations in the complaint, therefore, do not necessarily support the conclusion that Mr. Lehman's lawsuit is an attack on his criminal conviction relating to his attack on Sgt. McKinnon. Instead, Mr. Lehman's claims in this case appear to relate to a second incident. As *Heck* made clear,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (emphasis in original). Here, we face the latter scenario. Plaintiff is not challenging the conduct for which he was convicted. He is challenging Sgt. McKinnon's actions following the assault for which Mr. Lehman was convicted. In addition to the fact that the allegations in the complaint make clear that Mr. Lehman is bringing his claims about his treatment by these Defendants *after* his assault on Sgt. McKinnon concluded, at the September 18, 2018 Status Conference counsel for these Defendants conceded that there are factual issues that preclude the Court from finding that Mr. Lehmans' claims are barred by *Heck v. Humphreys* because of the alleged delay in time between Mr. Lehman's assault on Sgt. McKinnon and the pepper spraying incident for which Mr. Lehman now seeks damages. In other words, viewing the allegations in the light most

4

favorable to Mr. Lehman, the Court cannot conclude as a matter of law that a judgment in favor of Mr. Lehman would necessarily constitute a collateral attack on his criminal conviction. Given that the motion to dismiss argues only that this case should be dismissed because *Heck* bars Mr. Lehman's claim for damages and the Court finds that, given the allegations of the complaint, *Heck* does not necessarily bar his damages claim, the Court concludes that the motion to dismiss should be denied.

## Conclusion

For the foregoing reasons, it is RECOMMENDED that Defendants Sgt. Brian McKinnon's and Sgt. Ryan Jaques' Motion to Dismiss the Amended Complaint (Doc. # 40) (Docket No. 42) be DENIED.

IT IS ORDERED that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real*

*Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Date:   September 20, 2018

_____
N. Reid Neureiter
United State Magistrate Judge