IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00952-PAB-NRN

DOUGLAS C. LEHMAN,

    Plaintiff,

v.

BRIAN McKINNON,
JAQUES, Correctional Officer Sgt.,
McCARROLL, Correctional Officer,

    Defendants.
_____

# ORDER
_____

    This matter is before the Court *sua sponte*. On July 7, 2020, Magistrate Judge N. Reid Neureiter recommended that the Court grant defendants' motion for summary judgment and dismiss plaintiff's claims. Docket No. 301 at 22. On August 14, 2020, the Court accepted the magistrate judge's recommendation, granted defendants' motion for summary judgment, denied plaintiff's motion for summary judgment, and closed the case. Docket No. 315 at 3-4. The Court's order indicated that no party had objected to the magistrate judge's recommendation. *Id.* at 1.

    Later that day, defendants filed Defendants' Response to Plaintiff's Objections to Magistrate Judge Recommendation on Defendants' Motion for Summary Judgment [Docket No. 317], responding to Docket No. 311. This document, titled Plaintiffs Motion Show's AR 300-16RD Shows Special Controls Policy and This Was the Policy Follow on 2/7/17 (Video Footage) [sic], Docket No. 311 at 1, concerned an unrelated motion

from defendants that the magistrate judge had already ruled on.  *See* Docket No. 308.  Unbeknownst to the Court, plaintiff's objections to the magistrate judge's recommendation on defendants' motion for summary judgment were included in this filing.  *See* Docket No. 311 at 8 (plaintiff's Rule 72 Motion for Recomendations [sic] for Defendants' Summary Judgment Motion).

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Plaintiff's objections were due on July 21, 2020.  Docket No. 301 at 22.  Plaintiff's objections are dated July 27, 2020, *see* Docket No. 311 at 34, and were filed on July 31, 2020.  *See generally id.*  The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions."  *Id.*  However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'"  *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

The recommendation advised plaintiff of the deadline to respond and informed plaintiff that a failure to timely object would waive de novo review of the

recommendation. Docket No. 301 at 22. Thus, because plaintiff was advised of the consequences of filing his objections late, the first exception to the Tenth Circuit's "firm waiver rule" does not apply so as to require de novo review. In addition, when considering whether the interests of justice warrant review, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff does not explain what caused the delay in filing his objections, detail his efforts to comply with the objection deadline, or request an extension of time to object to the magistrate judge's recommendation. *See* Docket No. 311 at 8-27. The Court finds that plaintiff has not demonstrated that the interests of justice requires de novo review of his objections. *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (finding that the interests of justice did not require non-application of the firm waiver rule where the litigant did not explain why he failed to comply with the deadline and did not request an extension).

The Tenth Circuit recognizes a third exception to the firm waiver rule, which applies when a plaintiff can demonstrate plain error. *Schupper*, 708 F. App'x at 946. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).

Plaintiff raises twelve objections to the magistrate judge's recommendation. Docket No. 311 at 8-33. He asserts that (1) the magistrate judge "failed to show how or why [the] use of forced by McKinnon was needed to control" plaintiff, *id.* at 11; (2) the magistrate judge erred in citing certain cases, *id.* at 15-16; (3) the magistrate judge erred in considering plaintiff's size in determining whether the force used against him was reasonable, *id.* at 16-17; (4) the magistrate judge erred in considering whether plaintiff had previously feigned compliance with officers' orders in determining whether the force used against him was reasonable, *id.* at 17; (5) the magistrate judge erred in not viewing the video evidence in the light most favorable to plaintiff and not finding a genuine dispute of fact as to whether defendant McKinnon sprayed plaintiff a second time after plaintiff was on the ground, *id.* at 18; (6) the magistrate judge erred in finding that defendant McKinnon did not act with a culpable state of mind because "the magistrate judge is not a medical doctor[] and is not in a position to say how long is needed for anyone to act with deliberate intention to retaliate," *id.* at 19; (7) because the magistrate judge is not a doctor, the magistrate judge is unable to "ascertain how long a spray of O.C. spray needs to be to be injurious," *id.* at 21-22; (8) the use of O.C. spray in this case was objectively unconstitutional *id.* at 23; (9) the magistrate judge erred in finding that defendant McKinnon did not act with subjective intent to harm because defendant McKinnon's claims of memory loss are not credible and create a genuine dispute of fact, *id.* at 23-25; (10) the magistrate judge erred, generally, in finding that defendants were entitled to qualified immunity, *id.* at 26-27; (11) defendants Jacques and McCarroll unreasonably failed to intervene in defendant McKinnon's use

of force, *id.* at 31-32; and (12) defendants failed to report what plaintiff argues was an excessive use of force. *Id.* at 32-33.

With respect to plaintiff's first, second, third, fourth, and sixth objections, the Court has reviewed the magistrate judge's recommendation and finds no error that is "clear or obvious under current, well-settled law." *Fed. Deposit Ins. Corp.*, 840 F.3d at 1172. The Court will overrule those objections.

In addition, a number of plaintiff's objections fail to identify a specific error in the magistrate judge's recommendation. "[I]t is necessary for a party objecting to a recommendation to identify the particular factual or legal error committed by the Magistrate Judge, allowing the District Court to focus on that issue and correct it if necessary." *Vester v. Asset Acceptance, L.L.C.*, No. 08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). For this reason, the Court will overrule plaintiff's seventh, eighth, eleventh, and twelfth objections. In addition, plaintiff's tenth objection states only that the magistrate judge's qualified immunity decision "turns the 'clearly established law' of excessive force on its head and changes the purpose of qualified immunity in excessive force cases from one of protection from [legitimate] use of force into a [shield] for clearly illegal conduct." Docket No. 311 at 27. However, the Court finds that this does not sufficiently identify a specific legal error in the magistrate judge's recommendation. Thus, plaintiff's tenth objection will be overruled.

In his fifth objection, plaintiff appears to assert that a genuine dispute of material

fact exists with respect to whether defendant McKinnon sprayed plaintiff with pepper spray a second time after plaintiff was on the ground. Docket No. 311 at 18. He asserts that the magistrate judge erred in not viewing the video in the light most favorable to plaintiff. *Id.* However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here, the magistrate judge reviewed a video of the incident, which the magistrate judge noted "is the only evidence [plaintiff] relies on to support his claim of a constitutional violation," both "in its original and slow-motion versions . . . multiple times." Docket No. 301 at 13. The magistrate judge reviewed the video evidence of the altercation, which takes place in fewer than thirty seconds, in a frame-by-frame analysis. *See id.* at 13-14. The magistrate judge stated that he "[could not] detect any second spraying by Officer McKinnon" in the video. *Id.* at 14. While the magistrate judge did not explicitly hold that plaintiff's factual assertions are blatantly contradicted by the record, it appears that the magistrate judge found so implicitly, stating that "there is no evidence that Officer McKinnon sprayed [plaintiff]" a second time and finding that "no reasonable juror could conclude that there was a second spray by Officer McKinnon." *Id.* at 19.

However, even if the magistrate judge did err in finding no genuine dispute of fact with respect to an alleged second spray, the error would be harmless because, absent this finding, the magistrate judge would have reached the same result. *See Cleveland v. Martin*, 590 F. App'x 726, 733 (10th Cir. 2014) (unpublished) ("The test for

harmless error is whether the district court would have reached the same decision had it not erred."). The magistrate judge concluded that, "even if Officer McKinnon were to have delivered two shots of pepper spray after [plaintiff] had lain down on the floor, . . . the use of pepper spray here was [not] objectively harmful enough to constitute a constitutional violation." Docket No. 301 at 16. Specifically, the magistrate judge found that this alleged use of force would not have been excessive – and, instead, would have been "unquestionably justified" – under the circumstances. *Id.* at 16-17. While plaintiff appears to object to the magistrate judge's "objective element" finding, *see* Docket No. 311 at 22, the Court has already determined that, because this objection identifies no factual or legal error in the magistrate judge's recommendation, the objection is insufficiently specific. The Court finds no plain error here and will overrule plaintiff's fifth objection.

Finally, in his ninth objection, plaintiff appears to assert that defendant McKinnon's claims of memory loss after the altercation are not credible and raise a genuine dispute of fact with respect to whether defendant McKinnon acted with a culpable state of mind. *Id.* at 23. In the recommendation, the magistrate judge noted, with respect to plaintiff's argument that defendants' culpable states of mind are evidenced by their failure to mention a second spray in their incident reports, that "Officer McKinnon . . . states that he does not remember what happened after [plaintiff] began hitting him." Docket No. 301 at 17-18. Plaintiff asserts that certain medical reports "prove there was no memory loss and [that it is a] 'sham fact,'" and that "at the very least this create[s] a [genuine] dispute of a material fact precluding a granting of

7

summary judgment here." Docket No. 311 at 25.

However, the magistrate judge's finding that defendant McKinnon did not act with a culpable state of mind did not rely on his alleged memory loss. *See generally* Docket No. 301 at 17-20. Instead, the magistrate judge focused on the fact that, based on the video – the only evidence plaintiff relies on to support his assertion that he was sprayed a second time by defendant McKinnon – even if defendant McKinnon did spray plaintiff a second time, defendant McKinnon "was trying to help his colleagues control [plaintiff]." *Id.* at 18; *see also Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) ("The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") (quotation omitted). Because the magistrate judge did not rely on defendant McKinnon's claims of memory loss in finding no subjective intent to harm, plaintiff has failed to demonstrate that the magistrate judge committed an error here. Thus, the Court will overrule plaintiff's ninth objection.

The Court finds no plain error in the magistrate judge's recommendation. For these reasons, it is

**ORDERED** that plaintiff's Rule 72 Motion for Recomendations [sic] for Defendants' Summary Judgment Motion [Docket No. 311] are **OVERRULED**.

DATED August 19, 2020.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge