IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00952-PAB-NRN

DOUGLAS C. LEHMAN,

    Plaintiff,

v.

BRIAN McKINNON,
JAQUES, Correctional Officer Sgt.,
McCARROLL, Correctional Officer,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's August 31, 2020 filing titled "Plaintiff Did Timely File His Objections, Rule 72 Motion" [Docket No. 320], which the Court construes as a motion for reconsideration. Plaintiff seeks reconsideration of the Court's order, Docket No. 315, accepting Magistrate Judge N. Reid Neureiter's recommendation, Docket No. 301, to grant defendants' summary judgment motion and to dismiss plaintiff's summary judgment motion as moot.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter* 313 F.2d 91, 92 (10th Cir. 1962). The

Court is to consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In his motion for reconsideration, plaintiff argues that he filed timely objections to the magistrate judge's recommendation. Docket No. 320 at 1. In its order accepting the magistrate judge's recommendation, the Court found that "[n]o party has objected to the Recommendation." Docket No. 315 at 1. However, when defendants filed a response to plaintiff's objections to the recommendation and referenced Docket No. 311, "Plaintiffs Motion Show's AR 300-16RD Shows Special Controls Policy and This Was the Policy Follow on 2/7/17 (Video Footage)," the Court found within that pleading plaintiff's objections to the recommendation.[1] The defendants' response argued that the plaintiff's objections to the recommendation were untimely. Docket No. 317 at 1–2. The Court addressed the timeliness and substance of these objections in an order dated August 19, 2020. Docket No. 318. Specifically, the Court found that plaintiff's objections were due on July 21, 2020, but were not filed until July 31, 2020. *Id.* at 2.

---

[1] The first seven pages of Docket No. 311, an 87-page long pleading, concern an unrelated issue. Plaintiff's objections begin on page 8.

The Court next discussed the exceptions to the firm waiver rule, finding that plaintiff had been notified of the consequences of filing his objections late, that the interests of justice exception did not apply because plaintiff had not explained what caused his delay in filing the objections, and that plaintiff failed to show plain error by the magistrate judge in the recommendation. *Id.* at 3–8. As a result, the Court overruled plaintiff's objections.

In his motion to reconsider, plaintiff insists that he did not receive the recommendation until July 13, 2020 and that Rule 72 provides him fourteen days "after service, meaning after receiving the filings," in which to file objections. Docket No. 320 at 1. Therefore, plaintiff claims that, because he mailed his objections on July 27, 2020 (fourteen days after receipt of the recommendation), *id.* at 87, his objections were timely. Plaintiff blames his delay in receiving the recommendation on the mail system and the COVID-19 pandemic. *Id.* at 2.

Plaintiff's theory about the meaning of "fourteen days after service" is incorrect. Under the Federal Rules of Civil Procedure, which govern an action such as this, "[a] paper is served under this rule by," among other things, "mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). *See also Lopez v. Gonzales*, No. 18-cv-03233-DDD-MEH, 2020 WL 2539062, at *1 (D. Colo. May 19, 2020) ("Service of the recommendation was complete upon mailing . . . and Plaintiff's nonreceipt of the recommendation does not affect the validity of service by mail." (citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999)). The fourteen-day period for plaintiff to object therefore began to run

on July 7, 2020, when the magistrate judge's recommendation was mailed. As a result, although the Court did not have the benefit of the plaintiff's explanation for his late filing when it ruled on his objections, the conclusion is the same – that the objections were due on July 21, 2020, but were not filed until July 31, 2020. Thus, nothing about plaintiff's timeliness argument causes the Court to reconsider either the order accepting the magistrate judge's recommendation or the order overruling plaintiff's objections.

For example, nothing in the motion for reconsideration affects the Court's analysis in Docket No. 318 of the exceptions to the firm waiver rule. The first exception does not apply, given that the recommendation stated that plaintiff had fourteen days "after *service* of this Recommendation" in which to file objections and that "[a] party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court for appellate review." Docket No. 301 at 22 (emphasis added). Plaintiff was, therefore, apprised of his opportunity to object and the consequences for failing to do so in a timely manner.

As to the second exception, the interests of justice exception, plaintiff has not explained why, having received the recommendation on July 13, 2020, he did not either file his objections or a motion for extension of time by July 21. Thus, the Court does not find that plaintiff has met this exception. However, even if plaintiff's interpretation of "fourteen days after service" satisfies the interests of justice exception, the Court would nevertheless have overruled his objections in Docket No. 318. The Court has reviewed the objections and finds that, on de novo review and for the reasons explained in Docket No. 318, each of them would have been overruled.

Plaintiff separately explains that he never received the Court's order accepting

Judge Neureiter's recommendation, Docket No. 315, and that he was unaware that his case had been closed. Docket No. 320 at 3. He also states that he did not receive the final judgment, Docket No. 316, and that there are unresolved pending motions. The Court finds plaintiff's argument that he never received the Court's order or the final judgment improbable because he appealed the final judgment, Docket No. 319, the Tenth Circuit appended both documents to his appeal. Case No. 20-1312, Docket No. 10767478. As to plaintiff's concern that his case was closed while motions were pending, the Court explained the disposition of each pending motion in its order accepting the magistrate judge's recommendation. Docket No. 315 at 4.

Accordingly, it is

**ORDERED** that plaintiff's motion for reconsideration [Docket No. 320] is **DENIED**.

DATED December 8, 2020

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge